# NO SUMMONS ISSUED

**FILED**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

2012 AUG -2  PM 12: 39

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**WEINSTEIN, J.**

Kamaladoss V. Selvam,

        Plaintiff,

   v.

First National Collection Bureau, Inc.; and
DOES 1-5, inclusive,

        Defendants.

: Civil Action No.: _____

: **CV 12 - 3834**

**AZRACK, M.J.**

:
:
:
:
:

---

## CLASS ACTION COMPLAINT

Plaintiff Kamaladoss V. Selvam, by and through his undersigned counsel, pleading on his own behalf, individually, and on behalf of all others similarly situated, states as follows:

### JURISDICTION AND VENUE

1.     Plaintiff, Kamaladoss V. Selvam, by and through his undersigned counsel, seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., and the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"). Pursuant to 15 U.S.C. § 1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

3.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

1

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District, as Defendants transact business in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6.      The Plaintiff, Kamaladoss V. Selvam ("Plaintiff"), is an adult individual residing in Ridgewood, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant First National Collection Bureau, Inc. ("First National Collection"), is a Nevada business corporation with a principal executive office located at 610 Waltham Way, McCarron, NV 89434. First National Collection operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8.      DOES 1-5 (the "Collectors") are individuals employed by First National Collection, whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

9.      At all times, First National Collection acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10.     The Plaintiff allegedly incurred a financial obligation in the approximate amount of $397.10 (the "Debt") to First Premier/Premier Bankcard, Inc. (the "Original Creditor").

11.     The alleged Debt arose from services provided by the Original Creditor which were primarily for family, personal, or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

2

12.     The alleged Debt was purchased, assigned, or transferred to First National Collection for collection, or First National Collection was employed by the Creditor to collect the alleged Debt.

13.     The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**A. First National Collection Engages in Harassment and Abuse**

14.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**The Alleged Debt: A Secured Pre-paid Card**

15.     Between the January 1, 2000, and January 1, 2003, the Plaintiff obtained a secured, pre-paid debit card from the Original Creditor.

16.     The Plaintiff paid off any and all obligations and/or debt connected to this card between 2002 and 2003.

17.     The Plaintiff has not made any payments in connection with the aforementioned card since 2003.

**Telephone Calls and Oral Communication**

18.     The Plaintiff has been receiving continuous calls from the Defendants for the past year.

19.     Upon information and belief, the aforementioned calls were made by agents of First National Collection (hereinafter "Collections Agent(s)").

20.     The Defendants engaged in communications the purpose of which was to collect a debt.

3

21.     The Defendants engaged in communications with the Plaintiff the purpose of which was to attempt collect a time-barred debt.

22.     The Defendants engaged in communications with the Plaintiff the purpose of which was to illegally revive a time-barred debt.

23.     Upon information and belief, the Defendants made numerous calls from an automatic telephone dialing system to the Plaintiff's cellular phone.

24.     The Plaintiff, who has had to pay cellular charges for the above-mentioned calls, had never given permission or consented to the calls that were made to his cellular phone by the Defendants.

25.     In July, 2012, the Plaintiff received calls to his cellular phone from the Defendants on the following dates and times: July 23, 2012, at 12:01 PM, and July 27, 2012, at 6:23 PM.

26.     On July 24, 2012, at 12:02, the Plaintiff returned a call from the Defendants and spoke with a Collections Agent. The Plaintiff explained to the Collections Agent that a debt could not have accrued on a pre-paid debit card, and anything and everything connected to the card was paid off nearly ten years ago, between 2002 and 2003.

27.     During the above-mentioned conversation, the Plaintiff advised the Collections Agent that he had retained an attorney and would not like to receive further calls.

28.     The Defendants called the Plaintiff on July 27, 2012, after the Defendants were advised that the Plaintiff had retained an attorney.

## Defendants' Collection Letter

29.     The Plaintiff received a letter from the Defendants' dated July 08, 2012.

30.     The aforementioned letter was the first communication with the Plaintiff.

4

31.    The aforementioned letter contained absolutely no validation notice as required by 15 U.S.C. §1692g of the FDCPA.

32.    The aforementioned letter was not followed or preceded by any communication in which the Plaintiff's right, under 15 U.S.C. §1692g, to request validation of his alleged debt was explained.

### B. **Plaintiff Suffered Actual Damages**

33.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.    The Plaintiff, individually and not as a class member, has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

35.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff, individually and not as a class member, suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

36.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I

### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692, et seq. brought by the Plaintiff, *individually* and not as part of a class

37.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5

38.     The Defendants' conduct violated 15 U.S.C. §1692b(6) and 15 U.S.C. §1692c(a)(2) in that Defendants continued to contact the Plaintiff after the Plaintiff indicated he had retained an attorney and did not wish to be contacted directly.

39.     The Defendants' conduct violated 15 U.S.C. §1692d(5) by continuously calling the Plaintiff on his cellular phone and allowing his cellular phone to ring repeatedly.

40.     The Defendants' conduct violated 15 U.S.C. §1692f(1) by attempting to collect an amount, not authorized by law, that was greater than any original agreement.

41.     The Defendants' conduct violated 15 U.S.C. §1692f by attempting to collect an alleged debt that would be time-barred if the debt was valid.

42.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43.     The Plaintiff, individually and not as part of a class, is entitled to damages as a result of Defendants' violations detailed under Count I.

## COUNT II
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §1692, et seq. brought by the
### Plaintiff on behalf of himself and the members of a class

44.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     This cause of action is brought on behalf of the Plaintiff and the members of a similarly situated class.

46.     The Plaintiff proposes a class defined as follows: **All consumers who reside in the State of New York to whom Defendants 1) sent a collection letter within one year prior**

6

to the filing date of this Complaint, and 2) such collection letter did not contain a validation notice as required by the FDCPA, 15 U.S.C. §1692g.

47.    Pursuant to Federal Rule of Civil Procedure 23, a class is appropriate and preferable in this case because:

a.  Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

b.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principle question presented by this claim is whether Defendants violated the FDCPA.

c.  The only individual issue for this cause of action is the identification of the consumers who received the collection letter, (i.e. class members), a matter of ministerial determination from the records of the Defendants.

d.  The precise number of consumers in this class is unknown at this time and can only be discerned through discovery. However, upon information and belief, the Defendants transmitted collection letters which did not contain validation notices to thousands of consumers. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

e.  The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the

7

class members is a matter capable of ministerial determination from the Defendants' records.

f.  The claims of the Plaintiff for this cause of action are typical of those of the class members. All are based on the same facts and legal theories.

g.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

h.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically provided at 15 U.S.C. §1692k for the commencement of class actions as a principle means of enforcing the FDCPA.

i.  Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

j.  The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

k.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

l.  Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would

8

establish incompatible standards of conduct for the Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

m. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the class.

48.    The Defendants' conduct violated 15 U.S.C. §1692g against Plaintiff and class members by denying Plaintiff and class members their right to validate a debt.

49.    The Defendants' conduct violated 15 U.S.C. §1692g(a), 15 U.S.C. §1692g(a)(1), 15 U.S.C. §1692g(a)(2), 15 U.S.C. §1692g(a)(3),  15 U.S.C. §1692g(a)(4), and 15 U.S.C. §1692g(a)(5) against Plaintiff and class members by sending Plaintiff and class members collection notices that failed to contain any written validation notice whatsoever, and where such notices were never followed or preceded by any supplemental notice that apprised the Plaintiff and class members of their right to request validation of alleged debts.

50.    The foregoing acts and omissions of the Defendants constitute violations of the FDCPA, including every one of the above-cited provisions, for which the Plaintiff and class members are entitled to damages as prayed for herein..

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, et seq.

51.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

9

52.     To communicate with and contact the Plaintiff, the Defendants' used an automatic dialing system, which is defined in 47 U.S.C. § 227(a)(1) as equipment that has the capacity dial and "to store or produce numbers to be called, using a random or sequential number generator."

53.     The Defendants' conduct violated 47 U.S.C. § 227(b)(1)(A)(iii) in that Defendants used an automatic dialing system (repeatedly and continuously) to call Plaintiff's cellular phone without Plaintiff's permission.

54.     The foregoing act or omission of the Defendants constitute numerous and multiple violations of the TCPA.

55.     The Plaintiff, individually and not as part of a class, is entitled to damages as a result of Defendants' violations of the TCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants as follows:

1.  Awarding the Plaintiff and class members damages pursuant to 15 U.S.C. §1692k;

2.  Awarding Plaintiff actual damages including, but not limited to, the emotional distress the Plaintiff has suffered and continues to suffer as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. §1692k(a)(1);

10

3. Awarding Plaintiff the greater of actual monetary loss or $500.00 (for each call placed in violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5);

4. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and

5. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 2, 2012

Respectfully submitted,

By: _____

Hashim Rahman, Esq.

Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax:    (347) 382-9457

11